IN THE MATTER OF THE PETITION OF EDWARD B. UNDERHILL AND OTHERS FOR DRAINING LANDS, ETC.

*Drainage of swamps — the county judge may remove a commissioner for good cause shown and fill his place — 1869, chap. 888, as amended by 1871, chap. 303.*

The county judge of Westchester county appointed three commissioners under the statutes providing for the drainage of swamps. (1869, chap. 888, as amended by 1871, chap. 303.) Thereafter an application was made to remove one of the commissioners, who possessed the qualifications and had filed the oat hrequired by the act, upon the ground that he had made up his mind and publicly expressed himself to be in favor of draining the swamps. The County Court declined to act, upon the ground that it had no power to remove a commis- sioner and fill his place for good cause shown.

*Held*, error; that the fourteenth section of the act of 1869 conferred upon the court full power to act in such a case.

APPEAL from an order made by the county judge of Westchester county denying a motion to remove Henry C. Kear, one of the commissioners appointed to act upon an application for the drainage of certain lands in Westchester county.

*Travis & Smith*, for S. C. Whitney owner of land, appellant.

*S. C. H. Bailey*, for the petitioners, respondents.

BARNARD, P. J.:

The county judge of Westchester county appointed three commissioners under chapter 888 of the Laws of 1869, as amended by chapter 303, Laws of 1871. These statutes refer to the drainage of swamps. One of these commissioners was Henry C. Kear. The statute requires the commissioner to be a freeholder and resident of the county or counties. Kear filled both requirements, gave his bond and took the oath of office. Application was made to the County Court to remove Kear, because he had made up his mind and publicly expressed it in favor of draining the swamp. The County Court declined to act, because it had no power after an appointment of a commissioner to remove him and fill his place for good cause shown. Such a power should be incident to the power of appointment in a court of law. The commissioners are to find by a majority vote whether ditches shall be opened through the lands of others than the petitioners, and whether the drainage is necessary for the public health. They have power to assess the cost of the work upon the land benefited. It is evident that the landowners through whose lands the ditch is to go, if it is opened, should have a fair tribunal, as well as those who have to pay for the work. The legislature have not left the question in doubt. By the fourteenth section of the act of 1869 it is provided that "the County Court may at any time correct any manifest error in any of the proceedings under this act when such correction shall be in furtherance of justice, and the said court may allow such amendments and make such orders and impose such terms as shall promote the objects of this act and be equitable to all parties." Full power is given to reach an equitable result. Appeals from the orders of the County Court are given to this court by section 12 of the act of 1869. The order should be reversed, with

costs and disbursements, and the record remitted to the county court to pass upon the merits of the motion to remove the commissioner.

DYKMAN and PRATT, JJ., concurred.

Order reversed, with costs and disbursements, and proceedings remitted to county court to pass upon the merits.